IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ADRIAN MIRAMONTEZ, § | |
| #49837-177, § | |
| MOVANT, § | |
| § | |
| v. § | CIVIL CASE NO. 3:18-CV-2849-B-BK |
| § | (CRIMINAL CASE NO. 3:14-CR-266-B-23) |
| § | |
| UNITED STATES OF AMERICA, § | |
| RESPONDENT. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Movant Adrian Miramontez's *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 was referred to the United States Magistrate Judge for a recommended disposition. For the reasons outlined here, Miramontez's Section 2255 motion should be **DISMISSED WITH PREJUDICE** as time barred.[1]

**I. BACKGROUND**

Miramontez pled guilty to Conspiracy to Possess with Intent to Distribute a Controlled Substance and Laundering of Monetary Instruments and, on May 26, 2017, he was sentenced to 210 months' imprisonment. Crim. Doc. 1943. He did not file a direct appeal. On October 24, 2018, Miramontez filed this Section 2255 motion, alleging ineffective assistance of counsel at sentencing. Doc. 2 at 14. On October 30, 2018, the Court directed Miramontez to file a

---

[1] *See* Rule 4(b) of the Rules Governing Section 2255 Proceedings ("If it plainly appears from the motion and any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.").

response regarding the application of the one-year limitations period, as it appears his 2255 Motion is time barred.  Doc. 4.  However, the order was returned to the Court as undeliverable and Miramontez has never informed the Court of his address change.  Doc. 6.  That notwithstanding, the Court's review confirms the Section 2255 motion is barred by the applicable statute of limitations.

## II. ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for federal inmates seeking post-conviction relief under 28 U.S.C. § 2255, which the Court may consider *sua sponte* after providing notice and an opportunity to respond.  *See* 28 U.S.C. § 2255(f); *see Day v. McDonough*, 547 U.S. 198, 209-10 (2006) (addressing a similar provision applicable to state habeas petitions under 28 U.S.C. § 2254).  Miramontez does not allege any facts that could trigger a starting date under Sections 2255(f)(2)-(4), so his limitations period began to run when his judgment of conviction became final.  *See* Section 2255(f)(1).  The Supreme Court has held that a judgment becomes final when the applicable period for seeking direct review of a conviction has expired. *Clay v. United States*, 537 U.S. 522, 525 (2003).

Miramontez's conviction became final on June 9, 2017, the last day on which he could have filed a direct appeal from the May 26, 2017 judgment.  FED. R. APP. P. 4(b)(1)(A) (providing 14 days to appeal).  Contrary to his assertions, because he never filed a notice of appeal, he cannot benefit from the additional 90-day period to file a certiorari petition.  Doc. 2 at 11; *United States v. Plascencia*, 537 F.3d 385, 388-89 (5th Cir. 2008) (holding that when a federal prisoner fails to file a notice of appeal, the conviction becomes final upon the expiration of the 10-day [now 14-day] period for filing a direct appeal and that the 90-day certiorari period

does not apply).  Thus, the period for filing provided by Section 2255(f)(1) expired on June 9, 2018, and Miramontez's Section 2255 motion—deemed filed on July 31, 2018—is time-barred absent equitable tolling.[2]

Miramontez posits no facts from which the Court can find that equitable tolling applies. Doc. 2 at 11.  *See Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (finding that equitable tolling requires a petitioner to show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing"); *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) ("[E]quity is not intended for those who sleep on their rights.") (quotation and quoted case omitted).  Moreover, neither a prisoner's unfamiliarity with the law nor his *pro se* status rises to the level of a rare or exceptional circumstance that would warrant equitable tolling.  *See United States v. Petty*, 530 F.3d 361, 365-366 (5th Cir. 2008) (concluding that lack of legal training, ignorance of the law, and *pro se* status are insufficient to equitably toll the statute of limitations).

Miramontez presents no argument or evidence that extraordinary circumstances prevented him from filing his Section 2255 motion earlier, and no grounds for equitable tolling are apparent to the Court.  Accordingly, he cannot carry his burden of establishing that equitable tolling is warranted in this case.  *Id.* at 365.

### III.  CONCLUSION

---

[2] While it is implausible that more than 75 days passed between the date Miramontez certified he placed his Section 2255 motion in the prison mail (on July 31, 2018) and the date it was postmarked by the United States Postal Service, Doc. 3 at 10, the Court nevertheless deems it filed on the date Miramontez certified placing it in the prison mailing system.  Doc. 2 at 12.  *See* Rule 3(d) of the Rules Governing Section 2255 Proceedings ("mailbox rule" applicable to inmates who use jail/prison's mail system).

For the foregoing reasons, the motion to vacate sentence under 28 U.S.C. § 2255 should be **DISMISSED WITH PREJUDICE** as barred by the one-year statute of limitations.

**SO RECOMMENDED**, November 26, 2018.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).